UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>                Plaintiff,<br>v.<br><br>RLA ENTERPRISE LLC d/b/a Du-Me-In Pub;<br>BASCTK LLC d/b/a Du-Me-In Pub;<br>RANDOLPH L. ALEXANDER, individually<br>and as a member of Basctk LLC and RLA<br>Enterprise LLC; and<br>DAWN NICOLE FERRIOL, individually<br>and as a member of Basctk LLC and RLA<br>Enterprise LLC;<br><br>                Defendants | Case No. 12-CV-1135-JPS<br><br><br><br><br><br>ORDER |

On November 7, 2012, plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed this lawsuit against: RLA Enterprise LLC, d/b/a Du-Me-In Pub; Basctk LLC, d/b/a Du-Me-In Pub; Randolph L. Alexander, individually and as a member of Basctk LLC and RLA Enterprise LLC; and Dawn Nicole Ferriol, individually and as a member of Basctk LLC and RLA Enterprise LLC. (Docket #1). In its complaint, Joe Hand alleges that defendants willfully violated 47 U.S.C. §§ 553 and 605 by unlawfully intercepting and exhibiting "Ultimate Fighting Championship 127: BJ Penn v. Jon Fitch" ("UFC 127") on February 26, 2011, at the Du-Me-In Pub, a bar in Lomira, Wisconsin. Compl. at 3-4. Defendants have failed to appear in this action; accordingly, the Clerk entered default against each defendant named above on January 15, 2013. Presently before the court is Joe Hand's motion for entry of default judgment, in which it requests damages, fees, and costs. (Dockets #12, #13).

1.  Facts[1]

Joe Hand was granted rights to distribute UFC 127 via closed circuit television and via encrypted satellite signal. Joe Hand then contracted with various commercial entities throughout North America to permit those entities to publicly exhibit UFC 127. On February 26, 2011, the UFC 127 signal was unlawfully intercepted and exhibited at the Du-Me-In Pub. Individual defendants Ferriol and Alexander were individuals with supervisory capacity and control over the activities occurring at the Du-Me-In Pub that day. Individual and LLC defendants received a financial benefit from the operation of the Du-Me-In Pub that day.

2.  Liability

Joe Hand alleges violations of both 47 U.S.C. § 553, which prohibits interception via a cable system, and 47 U.S.C. § 605, which prohibits interception via satellite transmission. In its complaint, Joe Hand correctly acknowledges that it may not recover under both statutes. This order focuses on 47 U.S.C. § 605, because liability under that section forms the foundation of Joe Hand's motion for entry of default. The court finds that Joe Hand has established liability under 47 U.S.C. § 605: the UFC 127 broadcast originated via satellite uplink, plaintiff owned distribution rights for UFC 127, and UFC 127 was exhibited at the Du-Me-In Pub without authorization.

The court also finds that the violation of 47 U.S.C. § 605 was willful and for the purpose of direct or indirect commercial advantage or private commercial gain, under two independently sufficient theories. First, the court may draw an inference of willfulness from the defendants' failure to defend in this case, where the complaint sought increased damages based on willful

---

[1] The following facts, taken from Joe Hand's complaint, are deemed admitted as a consequence of defendants' default. *Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994).

conduct. *Joe Hand Promotions, Inc. v. Speakeasy GB, LLC*, No. 12-CV-343, 2013 WL 64630 (E.D. Wis. Jan 4, 2013) (citing *Garden City Boxing Club, Inc. v. Frezza*, 476 F.Supp.2d 135, 138 (D. Conn. 2007)) (further citation omitted). Second, the court may draw an inference of willfulness from the facts and circumstances of the violation because exhibition of the event does not happen by accident. *Id.* (quoting *Time Warner Cable of N.Y. City v. Googies Luncheonette, Inc.,* 77 F.Supp2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.")).

Finally, the court finds that defendants Ferriol and Alexander are personally liable for the violation, as they had supervisory capacity and control over the activities at the Du-Me-In Pub, as well as a financial interest in those activities.

3. Damages, Fees, and Costs

Joe Hand has requested statutory damages. Under 47 U.S.C. § 605(e)(3)(C)(i)(II), statutory damages may range from $1,000.00 to $10,000.00 in the discretion of the court; Joe Hand requests $10,000.00. Under 47 U.S.C. § 605(e)(3)(C)(ii), enhanced damages of up to $100,000.00 may be awarded for willful violations committed for financial gain; Joe Hand requests that the court award the full $100,000.00. Joe Hand also seeks $1,700.00 in costs and attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii).

Courts have calculated statutory damages according to the number of actual or potential patrons at the venue, or by awarding a flat sum based upon the cost for the patrons to order the event individually. *Joe Hand Promotions, Inc. v. Speakeasy GB, LLC* at 2-3 (citations). Joe Hand provided evidence regarding the number of patrons in the bar in the form of an affidavit from its investigator, Michael Pfeifer. On the day of the UFC 127

broadcast, Pfeifer went to the Du-Me-In Pub, where he observed two television sets, both showing UFC 127. Pfeifer Affidavit (Docket #13-2) at 1. Pfeifer stayed at the bar for forty minutes, and took head counts three times, counting eighteen, twenty-one, and twenty-three patrons. Pfeifer Aff. at 2. Pfeifer estimates the capacity of the bar to be about thirty-five people. Pfeifer Aff. at 2. Joe Hand also provided its rate sheet for UFC fights; the rates increase according to the venue's capacity, and the lowest rate, for exhibition to up to fifty people, is $900.00. (Docket #13-1).

The court concludes that damages in this case should be the lowest amount of statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), which is $1,000.00. Several factors counsel in favor of a low award in this case. First, the Du-Me-In Pub is a very small venue. Joe Hand's rate list applies rates according to capacity of the venue, and the court finds it appropriate to tie damages to an occupancy scale, absent evidence of egregious behavior on the part of the defendants. Here, the facts do not indicate that this was a grand commercial scheme. Pfeifer's affidavit indicates that he did not have to pay a cover charge to enter the Du-Me-In Pub and, despite its detailed description of the venue, it does not indicate that the event was advertised anywhere in the bar. The $1,000.00 award represents a mark-up of $100.00 from the rate normally applicable to a venue the size of the Du-Me-In Pub, and the court finds it to be an appropriate award in this case.

The court also concludes that enhanced damages should similarly fall on the lower end of the scale. In assessing enhanced damages, courts consider the following factors: (1) the number of violations; (2) defendants' unlawful financial gains; (3) plaintiff's actual damages; (4) whether defendants advertised the event; (5) whether defendants collected a cover charge for the event; and (6) the deterrent effect of the award. *Joe Hand*

*Promotions, Inc. v. Speakeasy GB, LLC* at 3 (citations). With regard to the number of violations, there is no evidence to suggest that the Du-Me-In Pub is a repeat offender. As for plaintiff's actual damages, Joe Hand has not submitted any evidence of actual damages aside from the rate it did not collect from the Pub, which has already been accounted for. Defendants charged no cover for admission, and there is no evidence that they advertised the event. In considering the deterrent effect of an award, courts have endeavored to assess against first-time offenders an amount sufficient to discourage future violations, but small enough that it doesn't impair the viability of the defendants' business. *Id.* The court believes that awarding an additional $1,000.00 yields an appropriate sanction, given the facts before the court.

Finally, as to Joe Hand's request for costs and fees, the court finds the request to be reasonable and therefore awards $1,700.00 against the defendants.

Accordingly,

IT IS ORDERED that plaintiff's motion for entry of default judgment (Docket #12) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that plaintiff Joe Hand Promotions, Inc., have and recover from the defendants, jointly and severally, the total sum of $3,700.00 together with costs as taxed by the Clerk of the Court.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge